UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DEATRICK SEAN BOLDEN,

    Plaintiff,

vs.                                        Case No. 2:11-cv-173-FtM-99DNF

FT. MYERS POLICE DEPARTMENT, CITY
OF FT. MYERS, LEE COUNTY CLERK OF
COURT, LEE COUNTY, ORAL COOLEY,
CHARLIE GREEN, KEITH RAMEY,
individually and as agent and
MAYOR RANDY HENDERSON, JR.,

    Defendants.
_____

## **OPINION AND ORDER**

This matter comes before the Court upon the Motion to Dismiss Amended Complaint filed on behalf of Defendants the City of Fort Myers and Oral Cooley (Doc. #32, Motion).[1] Plaintiff has filed a response to the City's Motion (Doc. #35, Response). This matter is ripe for review.

I.

Plaintiff initiated this action on March 28, 2011 while he was incarcerated within the Florida Department of Corrections by filing a *pro se* civil rights complaint form. See Complaint (Doc. #1). Plaintiff paid the full filing fee, and is proceeding on his

---

[1]Also pending before the Court is the Motion to Dismiss Amended Complaint filed on behalf of Defendant Lee County (Doc. #27). The Motion filed by Lee County does not contain "a memorandum of legal authority in support of the request" as required by Rule 3.01(a), Local Rules, M.D. Fla. Consequently, the Court strikes the Motion to Dismiss filed on behalf of Lee County.

Amended Complaint (Doc. #23). See docket entries dated April 14 and 21, 2011 (receipt nos. FTM001196 and FTM001225). The Amended Complaint alleges four separate causes of actions. See generally Amended Complaint.

In his first and second cause of action, Plaintiff states that various items of personal property were allegedly seized from him during his arrest but were not returned back to him. Amended Complaint at 3. In particular, Plaintiff claims that "thousands of items were seized from Plaintiff's home and car." Id. Plaintiff avers that the circuit court issued an order, on January 24, 2011, directing that "all property still held in custody of [the] Lee County Clerk of Court" be returned to Plaintiff. Id. at 6. Although a majority of the items were returned to Plaintiff, he claims that a number of items that were allegedly taken from Plaintiff's home and car have not been returned to him.[2] Id. Plaintiff claims the deprivation of these personal items of property violates his Fourteenth Amendment rights. Id.

In his third cause of action, Plaintiff states that a search warrant executed by the Fort Myers Police only authorized the seizure of five (5) items, not the thousands of items seized. Plaintiff claims that the allegedly illegal seizure of the

---

[2]Plaintiff claims the missing property included various pieces of jewelry and cash. Amended Complaint at 4, 6-7.

additional items beyond the five specified in the warrant violated his Fourth and Fourteenth Amendment rights. Id. at 7-8.

Finally, in his fourth[3] cause of action, Plaintiff states that the Fort Myers Police Department entered and searched his apartment and car without his consent and before they had obtained a search warrant in violation of the Fourth and Fourteenth Amendments. Id. at 8-9. Plaintiff submits that the Fort Myers Police Department has a "policy and custom of violating individual civil rights." Id. at 10. Additionally, "Plaintiff alleges the City of Fort Myers, Lee County Clerk of Courts/Charlie Green has a history of thefts, negligence, recklessness, training/procedure violations, and misconduct involving its agents and employees." Id. The Amended Complaint contains no other facts in support of these two conclusory allegations. Id.

As relief, Plaintiff seeks compensatory damages for the deprivation of his personal property. Id. at 11. Plaintiff also seeks monetary damages for the emotional distress and mental anguish he allegedly suffered as a result of the aforementioned constitutional violations. Id. at 11.

## II.

Defendants seek dismissal of the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which

---

[3]Incorrectly labeled as "Claim V" in the Amended Complaint. Amended Complaint at 8.

relief can be granted. Motion at 1. More specifically, Defendants seek dismissal of the Amended Complaint on the basis that Plaintiff's claims are barred by the applicable statute of limitations because the events giving rise to the claims took place on August 9, 1999. Motion at 2. Alternatively, Defendants assert that the Amended Complaint must be dismissed as to Defendant the Fort Myers Police Department because it is not *sui juris*. Id. at 2.

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all well-pleaded factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). Additionally, *pro se* pleadings are liberally construed by the Court. Alba v. Montford, 517 F. 3d 1249, 1252 (11th Cir. 2008). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). See also Edwards v. Prime, Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to

legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

**III.**

The Eleventh Circuit Court of Appeals has concluded that "a plaintiff must commence a § 1983 claim arising in Florida within four years of the allegedly unconstitutional or otherwise illegal act." Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999), see also Chappell v. Rich, 340 F.3d 1279. 1283 (11th Cir. 2003); Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996). Federal law governs the time of accrual of the cause of action. Fisher v. Office of State Atty. 13th Judicial Cir. Fla., 162 Fed. Appx. 937, 942 (11th Cir. 2006)(citations omitted). Generally, the statute of limitations begins to run when "the facts which would support a cause of action are apparent or should be apparent" to a reasonably prudent person. Id. (citations omitted). Here, it is obvious that Plaintiff did not commence this § 1983 claim within four years of the acts he contends are illegal and unconstitutional as to Plaintiff's third and fourth causes of action. In particular, Plaintiff complains that only five items were identified in the search warrant but the law enforcement officers illegally seized "thousands of items from Plaintiff." Amended Complaint at 8. Further, Plaintiff claims that the search of his home and car was illegal because it was done without his consent or

prior to the officers' obtaining a warrant. Id. at 9. Plaintiff attaches a copy of the warrant to his Response (Doc. #35-5, Warrant). The warrant, which is dated August 9, 1999, was executed the dame day. Warrant at 5. Thus, that Plaintiff was aware of any alleged wrong doing in connection with the warrant as early as August 9, 1999 is irrefutable. Plaintiff provides no argument as to why he waited over 11 years to bring an action premised on the allegedly illegal search and seizure. See generally Response. Consequently, Plaintiff's claims set froth in his third and fourth cause of action are clearly time-barred under the applicable statute of limitations.

Plaintiff argues that the federal limitations period should be tolled with respect to Plaintiff's first and second causes of action concerning the deprivation of his personal property because Plaintiff was seeking to obtain the return of his property through the state court, which did not finally adjudicate the issue until January 24, 2011, when the state court ordered the return of the remaining items of Plaintiff's personal property still in the possession of the clerk of court. Id. at 2. Plaintiff attaches a copy of the circuit court order, dated January 24, 2011, as Exhibit M to his Response (Doc. #35-13, "state court order"). The state court order directed that the items identified in the "Affidavit of Evidence Currently In Custody of the Lee County Clerk of Court" be returned to Plaintiff. State Court Order at 2. A copy of the

"Affidavit of Evidence Currently In Custody of the Lee County Clerk of Court," which is referenced in the state court order is attached to Plaintiff's Response as Exhibit L (Doc. #35-12 at 3, "Affidavit"). Upon review, it appears that not all of the items that Plaintiff claims were seized and not returned were identified in the Affidavit. <u>Compare</u> Doc. #35-12 at 3 with Doc. #35-12 at 4).

Nonetheless, the Court need not determine whether Plaintiff is entitled to equitable tolling in connection with his two deprivation of personal property claims alleging a Fourteenth Amendment. The Fourteenth Amendment of the Federal Constitution provides, in part, that the State may not "deprive any person of life, liberty, or property, without due process of law[.]" Thus, "a § 1983 claim alleging a denial of procedural due process, requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." <u>Grayden v. Rhodes</u>, 345 F.3d 1225, 1232 (11th Cir. 2003)(citing <u>Cryder v. Oxendine</u>, 24 F.3d 175, 177 (11th Cir. 1994)).

Here, Plaintiff can <u>not</u> show the third element required for a procedural due process claim because the Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a post-deprivation remedy for the loss is available." <u>Hudson v.</u>

Palmer, 468 U.S. 517, 533 (1984). Plaintiff does not allege an inadequate post-deprivation process. Indeed, Plaintiff cannot allege an inadequate post-deprivation process because Plaintiff's claim regarding any loss of, or destruction to, his personal property may be raised in a tort action under Florida state law. See Fla. Stat, Section 768.28 (1987). Consequently, Plaintiff's first and second claims regarding the deprivation of his personal property does not raise a federal constitutional claim and is subject to dismissal as a matter of law.

ACCORDINGLY it is now

**ORDERED** and **ADJUDGED**:

1. The **Clerk** shall **strike** the Motion to Dismiss Amended Complaint filed on behalf of Defendant Lee County (Doc. #27).

2. The Motion to Dismiss Amended Complaint filed on behalf of Defendants the City of Fort Myers and Oral Cooley (Doc. #32, Motion) is **GRANTED**, and Plaintiff's Amended Complaint is **DISMISSED with prejudice.**

3. The **Clerk of Court** shall enter judgment accordingly, terminate any pending motions and deadlines, and close this file.

**DONE AND ORDERED** in Orlando, Florida, on this 23 day of July, 2012.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

SA: hmk
Copies: All Parties of Record